UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEKLEMARIAM DANIEL HAGOS,

                Plaintiff,

    v.

TANG, *et al.*,

                Defendants.

Case No. C23-581-LK-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Teklemariam Daniel Hagos ("Plaintiff"), proceeding *pro se*, is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. This matter comes before the Court for the purpose of screening Plaintiff's amended complaint. Plaintiff's amended complaint generally alleges violations of his federal and state constitutional rights stemming from his confinement at the KCCF and from his ongoing state court criminal proceedings. (Dkt. # 8.)

The Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has failed to state a claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint be dismissed pursuant to 28 U.S.C.

REPORT AND RECOMMENDATION - 1

§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), and that this dismissal constitute a strike under 28 U.S.C. § 1915(g).

## II.     BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on April 13, 2023. (*See* dkt. # 1.) Plaintiff identified three claims for relief in his original complaint against: (1) "Tang", a KCCF Jail Health Services Nurse; (2) KCCF, and/or its Jail Health Services; and (3) the King County District Court.[1] (Dkt. # 5 at 3.)

Plaintiff's first claim alleged that Nurse Tang violated his equal protection rights under the Fourteenth Amendment to the United States Constitution and Article 1, Section 12 of the Washington Constitution. (Dkt. # 5 at 4-5.) Plaintiff alleged that, on March 15, 2023, he was called by Nurse Tang to take medication that he requires for his leg. (*Id.*) At that time, Plaintiff alleges Nurse Tang "flirted at [him] with disrespectful comments and looking at me with his eyes that has [sic] desires of intentional sexual imaginations." (*Id.*)

Plaintiff's second claim alleged that the KCCF, and/or its Jail Health Services, violated the Prison Rape Elimination Act ("PREA"). (Dkt. # 5 at 6-7.) Plaintiff premised this claim on Nurse Tang's alleged comments referenced in his first claim. (*See id.*) Plaintiff's third claim alleged that the King County District Court erred in declaring witnesses unavailable under Washington Rule of Evidence 804 in his pending state court proceedings. (*Id.* at 7-8.)

After reviewing Plaintiff's original complaint, this Court issued an Order declining to serve the complaint and granted Plaintiff leave to file an amended complaint. (Dkt. # 6.) This Court explained that Plaintiff had failed to allege facts demonstrating that he was entitled to any

---

[1] As previously noted in screening Plaintiff's original complaint, though Plaintiff alleges a claim against the "King County District Court," Plaintiff's referenced state court criminal proceedings pertain to pending assault charges in King County Superior Court, Case No. 21-1-00412-4. (Dkt. # 6 at 1 n.1.)

REPORT AND RECOMMENDATION - 2

form of relief, failed to identify viable defendants, and failed to demonstrate that his claims were properly before this Court at this time given his ongoing state court criminal proceedings. (*See id.* at 4-8.)

On May 11, 2023, the Court received Plaintiff's amended complaint for filing. (Dkt. # 8.) Plaintiff's amended complaint now identifies three claims against Nurse Tang, the KCCF, and/or its Warden, and the King County District Court. (*Id.* at 3.) Plaintiff's first claim reiterates that Nurse Tang violated his equal protection rights under the Fourteenth Amendment to the United States Constitution and Article 1, Section 12 of the Washington Constitution, but omits his previously provided facts in support of his earlier assertion of this claim. (*See id.* at 4.) However, Plaintiff now adds that this alleged equal protection violation also violated his religious freedom rights provided by Article 1, Section 11 of the Washington Constitution.[2] (*Id.*)

Plaintiff's second claim alleges that the KCCF "violated my state and federal rights." (Dkt. # 8 at 6-7.) Plaintiff appears to claim that certain unidentified King County Correctional Officers and/or KCCF Jail Health Services employees violated his rights under PREA. (*Id.* at 6.) Plaintiff references a "Correctional Officer Goodman" in this claim and a separate pending action that he has in this Court against him, *Hagos v. Goodman et al.*, C23-433-RSL-DWC (W.D. Wash.), as evidence of an "unsafe pattern of conduct."[3] (*Id.*)

---

[2] Though unclear, the rest of Plaintiff's provided information for this claim—as well as for portions of his other two claims—appears to cite to a random assortment of legal rules pertaining to negligence, duty to protect, Washington's Consumer Protection Act, outrage, Washington's anti-SLAPP statute, respondeat superior, and Washington's waiver of sovereign immunity for tort claims. (*See* dkt. # 8 at 5-8.) Plaintiff fails to explain how any of these cited rules relate to the instant matter or his underlying criminal case.

[3] In Plaintiff's referenced case, this Court previously declined service of any claims against Correctional Officer Goodman because Plaintiff's allegations that he verbally harassed him on one occasion and touched his skin when putting a wristband on Plaintiff failed to allege a constitutional violation. *See Hagos v. Goodman et al.*, C23-433-RSL-DWC, dkt. # 7 at 2-3 (W.D. Wash.). On May 8, 2023, a Report and Recommendation was issued recommending that the action be dismissed and that such dismissal constitute a strike under 28 U.S.C. § 1915(g). *Id.*, dkt. # 10 at 1.

REPORT AND RECOMMENDATION - 3

Plaintiff's third claim against the King County District Court has now been amended to allege speedy trial and due process violations in his ongoing state court criminal proceedings. (Dkt. # 8 at 7.) Plaintiff claims that his speedy trial rights have been violated because his state court criminal proceedings were initiated back on January 25, 2021. (*Id.*) Plaintiff additionally appears to allege that several deficiencies exist in the Seattle Police Department's arrest report, including that it does not indicate that Plaintiff has mental health issues, it does not indicate that he assaulted an officer, and that the arresting officer whose name appears in the report fabricated probable cause for Plaintiff's assault charges. (*Id.* at 7-8.)

In addition to his amended complaint, Plaintiff has submitted an "Objection Order Findings and Recommendation" which appears to provide a disjointed mention of several legal rules untethered to any facts contained in his amended complaint. (*See* dkt. # 8-1.) As relief, Plaintiff requests, *inter alia*, that his pending state court criminal proceedings be dismissed, that Nurse Tang and Correctional Officer Goodman be compelled to register as sex offenders, and that he be awarded $99 trillion in monetary and punitive damages. (Dkt. # 8 at 9.)

### III.  DISCUSSION

#### A.  Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or

1  "custom" that caused his or her injury. *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S.
2  397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

3  **B.    Analysis**

4  Plaintiff's amended complaint remains deficient because it fails to remedy the Court's
5  previously identified deficiencies and it fails to allege facts demonstrating that Plaintiff is
6  entitled to any form of relief.

7  First, though Plaintiff has framed his claim against Nurse Tang as a violation of his right
8  to equal protection, Plaintiff again claims only that Nurse Tang subjected him to verbal sexual
9  harassment. (*See* dkt. # 8 at 4-5.) As Plaintiff was previously advised, "[v]erbal harassment or
10 abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."
11 *Oltarzewski v. Ruggiero*, 830 F.2d 136, 189 (9th Cir. 1987) (citing *Collins v. Cundy*, 603 F.2d
12 825, 827 (10th Cir. 1979)); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997),
13 *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (finding
14 prison officials' abusive language towards Muslim inmates insufficient to establish equal
15 protection violation). Because the alleged harassment which Plaintiff complains of continues to
16 not implicate his membership in a protected class, and is instead centrally premised on a single
17 instance of verbal harassment, Plaintiff's allegations fail to assert an equal protection violation
18 against Nurse Tang. Furthermore, Plaintiff fails to provide any facts or argument, outside of his
19 claimed equal protection violation, demonstrating how Nurse Tang's alleged comments violated
20 his religious beliefs and/or his rights pursuant to the religious freedom clause of the Washington
21 State Constitution. (*See* dkt. # 8 at 4.)

22 Next, Plaintiff has now named either the KCCF, or its Warden, in his second claim. (*See*
23 dkt. # 8 at 3, 6.) But as previously advised, the KCCF as a government unit of King County is

1 | not a viable Defendant in this case. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883
2 | (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal
3 | entity capable of suing and being sued.") Similarly, Plaintiff's reference to the KCCF Warden
4 | also fails to name a viable Defendant. A § 1983 suit cannot be based on vicarious liability alone,
5 | but must instead allege that the defendant's own conduct violated the plaintiff's constitutional
6 | rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Plaintiff's allegations in his
7 | second claim are not individualized to the KCCF Warden nor do they focus on any acts or
8 | omissions of individual KCCF employees alleged to have caused Plaintiff a constitutional
9 | deprivation. *See Leer*, 844 F.2d at 633. Plaintiff's second claim therefore fails to adequately state
10 | any claim for relief under § 1983.

11 |       Finally, Plaintiff has again named the King County District Court as a Defendant for his
12 | third claim. (*See* dkt. # 8 at 3, 7.) But as previously advised, the state court is not a viable
13 | defendant in this action. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989)
14 | (finding that states and state agencies are not "persons" subject to suit under § 1983). Moreover,
15 | any claims pertaining to Plaintiff's ongoing criminal proceedings remain not properly before this
16 | Court at the present time. As previously advised, federal courts will not intervene in a pending
17 | state court criminal proceeding absent extraordinary circumstances where the danger of
18 | irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).
19 | Though Plaintiff's amended claim now alleges speedy trial act violations and issues regarding
20 | due process with his state criminal charges, Plaintiff has again failed to reveal any extraordinary
21 | circumstances which would justify this Court's intervention in his ongoing state court criminal
22 | proceedings.

REPORT AND RECOMMENDATION - 7

Accordingly, Plaintiff's claims are not cognizable in this civil rights action, and this action must be dismissed.

## IV.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim for relief under § 1983. The Court additionally recommends that this dismissal count as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 16, 2023**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Lauren J. King.

Dated this 22nd day of May, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8